956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dr. Ahasuerus A. BILDAD, Petitioner/Appellant,
v.
T.R. KINDT, Respondent/Appellee.
 No. 91-2068.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 6, 1992.*
Decided March 3, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge[1].
 
 ORDER
 
 2
 While on parole, petitioner Dr. Ahasuerus Bildad was arrested on charges of robbery, assault and battery, and possession of marijuana. As a result the United States Parole Commission revoked his parole and required him to serve the remainder of his original sentence with no credit for the time spent on parole ("street time"). Bildad now seeks a writ of habeas corpus under 28 U.S.C. § 2254, alleging that he should get credit for his street time.
 
 I. Street Time Credit
 
 3
 Although petitioner is in federal custody, he was convicted for violating the laws of the District of Columbia.[2] In dealing with such inmates, the United States Parole Commission applies the District of Columbia parole laws and guidelines. Johnson v. Williford, 821 F.2d 1279, 1288 (7th Cir.1987); Walker v. Luther, 830 F.2d 1208, 1211 (2d Cir.1987) ("Hence, its own guidelines limit and delineate the power and authority vested in the D.C. Board and are therefore part of the grant of power to the Commission under [D.C.Code] § 24-209"); Cosgrove v. Thornburgh, 703 F.Supp. 995, 1001 (D.D.C.1988). The two D.C. statutes dealing with the credit a prisoner should receive for time spent on parole read as follows:
 
 D.C.Code § 24-431(a) states:
 
 4
 Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed. When entering the final order in any case, the court shall provide that the person be given credit for the time spent in custody or on parole as a result of the offense for which sentence was imposed. (emphasis added).
 
 
 5
 D.C.Code § 24-206(a) provides in relevant part:
 
 
 6
 If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered as a new sentence. The time the prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced. (emphasis added).
 
 
 7
 Petitioner claims that the later-enacted § 24-431 implicitly repealed § 24-206, and so he was entitled to receive credit against his sentence for the time spent on parole. Implicit repeals are generally disfavored, and exist only where the earlier and later statutes are irreconcilable. Morton v. Mancari, 417 U.S. 535, 549-50, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290 (1974); cf. 1A Sutherland Statutory Construction, § 23.09 at 332 (4th ed. 1985) ("[I]f the inconsistency between a later act and an earlier one is not fatal to the operation of either, the two may stand together and no repeal will be effected."). The two provisions at issue here may easily be consistently construed, as the latter appears to be a specific exception to the general rule of the former. See Tyler v. United States, 929 F.2d 451 (9th Cir.1991).[3] A prisoner will receive credit for the time spent on parole, but only by complying with the conditions of parole. Once those provisions are violated, parole may be revoked and, if so, street time will be forfeited (at least for violators housed outside of the District of Columbia).
 
 II. Due Process
 
 8
 Petitioner also seems to allege that his due process rights were violated when his parole was revoked even though he was never convicted of a new crime. This is an irrelevant fact because D.C.Code § 24-206 does not require that a parolee be convicted of a new crime before parole may be revoked. Further, the District of Columbia regulations do not require a new conviction before parole can be revoked; they simply require that the Parole Board find by a preponderance of the evidence that the parolee has violated the conditions of parole, one of which is to not break the law. D.C.Mun.Regs, tit. 28, § 219.6. Dr. Bildad received a full hearing before the Parole Commission, which revoked his parole. His due process rights have not been violated.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The Honorable Robert A. Grant, of the Northern District of Indiana, is sitting by designation
 
 
 [2]
 D.C.Code Ann. 24-425 allows the U.S. Attorney General to assign violators of the D.C.Code to serve their sentences in federal penitentiaries. See Pryor v. Brennan, 914 F.2d 921, 922 (7th Cir.1990)
 
 
 [3]
 Tyler discussed at length a D.C. Department of Corrections regulation interpreting § 24-431 as requiring that credit be given for street time even after parole is revoked. 929 F.2d at 455-57. The opinion addressed the question of whether federal officials had to defer to this interpretation, holding that they did not. It is clear, though, that federal officials are required to follow D.C. parole regulations when dealing with D.C. prisoners. See Johnson, 821 F.2d at 1288; Walker, 830 F.2d at 1211; Cosgrove, 703 F.Supp. at 1001. The specific regulation discussed in Tyler (D.C.Mun.Reg. tit. 28, § 601.7 (1988)), however, was not binding on federal officials because it only applies to prisoners actually residing in District of Columbia institutions. See D.C.Mun.Reg. tit. 28, § 600.1 (1988)
 Although the effect of this provision is to treat prisoners whose parole is revoked differently depending on where they are incarcerated for their D.C. crimes, any equal protection challenge would appear to be foreclosed by our decision in Pryor v. Brennan, 914 F.2d 921 (7th Cir.1990) (finding practice, under the D.C. Good Time Credits Act, of calculating credit differently depending on whether defendant was in a state, federal, or D.C. prison was constitutional, being rationally related to a legitimate governmental interest).